GEORGE T. NAEGLE [5001]
CORTNEY KOCHEVAR [11157]
RICHARDS  BRANDT  MILLER  NELSON
*Attorneys for Defendants*
*Kennon C. Tubbs, MD and*
*Kennon C. Tubbs, MD, LLC*
Wells Fargo Center, 15th Floor
299 South Main Street
P.O. Box 2465
Salt Lake City, Utah  84110-2465
Email: george-naegle@rbmn.com
        cortney-kochevar@rbmn.com
Telephone: (801) 531-2000
Fax No. (801) 532-5506

---

IN THE UNITED STATES DISTRICT COURT, DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THE ESTATE OF TANNA JO FILLMORE, DECEASED<br><br>By and through, MELANY ZOUMADAKIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF TANNA JO FILLMORE, DECEASED,<br><br>     Plaintiffs,<br>vs.<br><br>DUCHESNE COUNTY,  UTAH; DAVID L. BOREN, KENNON C. TUBBS, MD, LLC, KENNON C. TUBBS, MD, JANA CLYDE, LPN;<br><br>     Defendants. | **Defendant Kennon C. Tubbs, MD and Kennon C. Tubbs, MD, LLC Answer to Plaintiffs' Amended Complaint Joinder in Jury Demand**<br><br><br>Case No. 2:19-cv-00081-EJF<br>Judge Evelyn J. Furse |

Defendants Kennon C. Tubbs, MD and Kennon C. Tubbs, MD, LLC ("Defendants"), by

and through counsel of record, George T. Naegle and Cortney Kochevar, RICHARDS BRANDT

MILLER NELSON, hereby answers the claims and causes of action of Plaintiff The Estate of Tanna

Jo Fillmore, deceased; by and through, Melany Zoumadakis, personal representative of the Estate of Tanna Jo Fillmore, deceased as set forth in her Amended Complaint as follows:

## First Defense

Plaintiffs' Amended Complaint fails to state certain claims and causes of action upon which relief may be granted against Defendants.

## Second Defense

With respect to the specific allegations of Plaintiffs' Amended Complaint, Defendants admit, deny and allege as follows:

## Preliminary Statement

1.      This Paragraph does not contain any allegations against these Defendants, but to the extent a response is required Defendants deny.

2.      Defendants deny.

3.      Defendants deny.

4.      Defendants deny.

## Jurisdiction and Venue

5.      Defendants deny that this Court has jurisdiction over Plaintiffs' state law claims, as Plaintiffs have failed to comply with the Utah Health Care Malpractice Act. Defendants deny any and all other allegations contained in Paragraph 5.

6.      Defendants have appropriately moved that this action be heard in federal court and admit that venue is proper in said court.

7.      Admit as to these Defendants.

8.      Defendants object to Paragraph 8 insofar as it calls for a legal conclusion. To the extend Defendants must respond, Defendants deny.

2

**Parties**

9.      Defendants admit that Ms. Fillmore was confined in the Duchesne County Jail. Defendants deny any and all other allegations based on lack of information knowledge, or belief.

10.      Defendants deny the allegations contained in Paragraph 10 based on lack of knowledge information or belief.

11.      The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny based on lack of information, knowledge, or belief.

12.      The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny based on lack of information, knowledge, or belief.

13.      Defendants admit that Kennon Tubbs, M.D. PLLC is a professional corporation located in Salt Lake County. Defendants object to the extent that Paragraph 13 calls for a legal conclusion. To the extent Defendants must respond, Defendant deny each and every other allegations contained in Paragraph 13.

14.      Defendants admit that Kennon Tubbs, M.D. is licensed physician and a citizen of the United States, who is domiciled in Salt Lake City. Defendants also admit that Dr. Tubbs served as the medical director of the Duchesne County Jail in November 2016. Defendants object to the extent that Paragraph 14 calls for a legal conclusion. To the extent Defendants must respond, Defendant deny each and every other allegations contained in Paragraph 14.

15.      The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny based on lack of information, knowledge, or belief.

3

**General Allegations Applicable to All Claims**

16.     The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants admit that the Duchesne County Jail is located in Duchesne County, Utah. Defendants deny any and all other remaining allegations contained in Paragraph 16 based on lack of information, knowledge, or belief.

17.     The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 17 based on lack of information, knowledge, or belief.

18.     The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 based on lack of information, knowledge, or belief.

19.     The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 19 based on lack of information, knowledge, or belief.

20.     The allegations in this paragraph are not asserted against these Defendants and Defendants object to the extent that the allegations call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 based on lack of information, knowledge, or belief.

21.     The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 21 based on lack of information, knowledge, or belief.

22.     The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 22 based on lack of information, knowledge, or belief.

23.     The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 23 based on lack of information, knowledge, or belief.

24.     The allegations in this paragraph are not asserted against these Defendants and Defendants object to the extent that the allegations call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 24 based on lack of information, knowledge, or belief.

25.     Defendants object to the extent that the allegations call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 25 based on lack of information, knowledge, or belief.

26.     The allegations in this paragraph are not asserted against these Defendants and Defendants object to the extent that the allegations call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 26 based on lack of information, knowledge, or belief.

27.     Defendants deny the allegations contained in Paragraph 27 based on lack of information, knowledge, or belief.

28.     Defendants deny the allegations contained in Paragraph 28 based on lack of information, knowledge, or belief.

29.     The allegations in this paragraph are not asserted against these Defendants and Defendants object to the extent that the allegations call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 29 based on lack of information, knowledge, or belief.

30.     The allegations in this paragraph are not asserted against these Defendants. To the extent a response is required, Defendants deny the allegations contained in Paragraph 30 based on lack of information, knowledge, or belief.

31.     Defendants admit that Duchesne County contracted with Defendants to provide "medical and mental health services in a primary care scope of practice." Defendants deny any and all other allegations contained in Paragraph 31.

32.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 32.

33.     Defendants admit that Dr. Kennon Tubbs was contracted to act as the medical director of the Duchesne County Jail. Defendants deny any and all other allegations contained in Paragraph 33 based on lack of information, knowledge, or belief.

34.     Defendants deny the allegations contained in Paragraph 34 based on lack of information, knowledge, or belief.

35.     Defendants deny the allegations contained in Paragraph 35 based on lack of information, knowledge, or belief.

36.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 36.

37.     Defendants defer to the actual language of the contract between Dr. Tubbs and Duchesne County, upon which the allegations in this Paragraph rely, to the extent the actual contract differs from the allegations in Paragraph 37, Defendants deny.

38.     Defendants defer to the actual language of the contract between Dr. Tubbs and Duchesne County, upon which the allegations in this Paragraph rely, to the extent the actual contract differs from the allegations in Paragraph 38, Defendants deny.

39.     Defendants defer to the actual language of the contract between Dr. Tubbs and Duchesne County, upon which the allegations in this Paragraph rely, to the extent the actual contract differs from the allegations in Paragraph 39, Defendants deny.

40.     Defendants defer to the actual language of the contract between Dr. Tubbs and Duchesne County, upon which the allegations in this Paragraph rely, to the extent the actual contract differs from the allegations in Paragraph 40, Defendants deny.

41.     Defendants defer to the actual language of the contract between Dr. Tubbs and Duchesne County, upon which the allegations in this Paragraph rely, to the extent the actual contract differs from the allegations in Paragraph 41 Defendants deny.

42.     Defendants defer to the actual language of the contract between Dr. Tubbs and Duchesne County, upon which the allegations in this Paragraph rely, to the extent the actual contract differs from the allegations in Paragraph 42, Defendants deny.

43.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants defer to the actual language of the contract between Dr. Tubbs and Duchesne County, upon which the allegations in this Paragraph rely, to the extent the actual contract differs from the allegations in Paragraph 43, Defendants deny.

44.     Defendants deny the allegations contained in Paragraph 44 based on lack of information, knowledge, or belief.

45.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 45 based on lack of information, knowledge, or belief.

46.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 46 based on lack of information, knowledge, or belief.

47.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 47 based on lack of information, knowledge, or belief.

48.     This Paragraph does not contain any specific allegations against any Defendant, to the extent Defendants must respond to Paragraph 48, Defendants deny based on lack of information, knowledge, or belief.

49.     This Paragraph does not contain any specific allegations against any Defendant, to the extent Defendants must respond to Paragraph 49, Defendants deny based on lack of information, knowledge, or belief.

50.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 50.

51.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 51.

52.     Defendants deny the allegations contained in Paragraph 52.

53.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 53.

54.     Defendants deny the allegations contained in Paragraph 54 based on lack of knowledge, information, or belief.

55.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants defer to the actual language of the Position Description for the Corrections LPN, upon which the allegations in this Paragraph rely, to the extent the actual position description differs from the allegations in Paragraph 55, Defendants deny.

56.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants defer to the actual language of the Position Description for the Corrections LPN, upon which the allegations in this Paragraph rely, to the extent the actual position description differs from the allegations in Paragraph 56, Defendants deny.

57.     The allegations in Paragraph 57 are not asserted against these Defendants, to the extent Defendants must respond to the allegations contained in Paragraph 57, Defendants deny based on lack of knowledge, information or belief.

58.     The allegations in Paragraph 58 are not asserted against these Defendants, to the extent Defendants must respond to the allegations contained in Paragraph 58, Defendants deny based on lack of knowledge, information or belief.

59.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny the allegations contained in Paragraph 59.

60.     Defendants admit that all incoming prisoners receive a health screening at intake. Defendants deny any and all other allegations contained in Paragraph 60.

61.     Defendants admit that all incoming prisoners receive a health screening at intake. Defendants deny any and all other allegations contained in Paragraph 61.

62.     Defendants deny the allegations contained in Paragraph 62 based on lack of information, knowledge, or belief.

63.     Defendants deny the allegations contained in Paragraph 63 based on lack of information, knowledge, or belief.

64.     Defendants object to the allegations contained in Paragraph 64 to the extent that it calls for a legal conclusion. To the extend Defendants must respond, Defendants deny.

65.     Defendants defer to the actual language of the Duchene County Jail Policies and Procedures, upon which the allegations in this Paragraph rely, to the extent the actual language differs from the allegations in Paragraph 65 Defendants deny.

66.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants defer to the actual language of the Duchesne County Policies and Procedures, upon which the allegations in this Paragraph rely, to the extent the actual position description differs from the allegations in Paragraph 66, Defendants deny.

67.     Defendants defer to the actual language of the Duchene County Jail Policies and Procedures, upon which the allegations in this Paragraph rely, to the extent the actual language differs from the allegations in Paragraph 67 Defendants deny.

68.     Defendants deny the allegations contained in Paragraph 68 to the extent that Defendants are qualified to diagnose and treat mental health conditions.

69.     Defendants deny the allegations contained in Paragraph 69.

70.     Defendants deny the allegations contained in Paragraph 70.

71.     Defendants deny the allegations contained in Paragraph 71.

72.     Admit.

73.     Defendants deny the allegations contained in Paragraph 73.

74.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

75.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

76.     The allegations in Paragraph 76 do not pertain to Defendants. To the extent Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

77.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion and do not pertain to Defendants. To the extent Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

78.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion and do not pertain to Defendants. To the extent Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

79.     Defendants deny the allegations contained in Paragraph 79.

80.     Defendants deny the allegations contained in Paragraph 80.

81.     Defendants deny the allegations contained in Paragraph 81.

82.     Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

83.     Defendants deny the allegations contained in Paragraph 83.

84.     Defendants deny the allegations contained in Paragraph 84.

85.     Defendants defer to the actual language of the Duchesne County Jail Policies and Procedures, upon which the allegations in this Paragraph rely, to the extent the actual contract differs from the allegations in Paragraph 85, Defendants deny. Defendants deny any and all other allegations contained in Paragraph 85.

86.     Defendants deny the allegations contained in Paragraph 86.

87.     Defendants deny the allegations contained in Paragraph 87.

88.     Defendants deny the allegations contained in Paragraph 88.

89.     Paragraph 89 does not contain any allegations against these Defendants, to the extent a response is required, Defendants deny.

90.     Paragraph 90 does not contain any allegations against these Defendants, to the extent a response is required, Defendants deny.

91.     Paragraph 91 does not contain any allegations against these Defendants, to the extent a response is required, Defendants deny.

92.     Paragraph 92 does not contain any allegations against these Defendants, to the extent a response is required, Defendants deny.

93.     Defendants deny the allegations contained in Paragraph 93 based on lack of knowledge, information, or belief.

94.     Defendants deny the allegations contained in Paragraph 94 based on lack of knowledge, information, or belief.

95.     Defendants deny the allegations contained in Paragraph 95 based on lack of knowledge, information, or belief.

96.     Defendants deny the allegations contained in Paragraph 96 based on lack of knowledge, information, or belief.

97.     Defendants deny the allegations contained in Paragraph 97 based on lack of knowledge, information, or belief.

98.     Defendants deny the allegations contained in Paragraph 98 based on lack of knowledge, information, or belief.

99.     Defendants deny the allegations contained in Paragraph 99 based on lack of knowledge, information, or belief.

100.     Defendants deny the allegations contained in Paragraph 100 based on lack of knowledge, information, or belief.

101.     Admit that Dr. Tubbs was not required to be present for Ms. Fillmore's health intake screening. Defendants deny the remaining allegations contained in Paragraph 101 based on lack of knowledge, information, or belief.

102.     Defendants deny the allegations contained in Paragraph 102 based on lack of knowledge, information, or belief.

103.     Defendants admit the allegations contained in Paragraph 103 based on information and belief.

104.     Defendants deny the allegations contained in Paragraph 104 based on lack of knowledge, information, or belief.

105.     Defendants deny the allegations contained in Paragraph 105 based on lack of knowledge, information, or belief.

106.     Defendants deny the allegations contained in Paragraph 106 based on lack of knowledge, information, or belief.

107.     Defendants deny the allegations contained in Paragraph 107 based on lack of knowledge, information, or belief.

108.     Defendants deny the allegations contained in Paragraph 108 based on lack of knowledge, information, or belief.

109.     Defendants deny the allegations contained in Paragraph 109 based on lack of knowledge, information, or belief.

110.     Defendants deny the allegations contained in Paragraph 110 based on lack of knowledge, information, or belief.

111.    Defendants deny the allegations contained in Paragraph 111 based on lack of knowledge, information, or belief.

112.    Defendants deny the allegations contained in Paragraph 112 based on lack of knowledge, information, or belief.

113.    Defendants deny the allegations contained in Paragraph 113 based on lack of knowledge, information, or belief.

114.    Defendants deny the allegations contained in Paragraph 114 based on lack of knowledge, information, or belief.

115.    Defendants deny the allegations contained in Paragraph 115 based on lack of knowledge, information, or belief.

116.    Defendants deny the allegations contained in Paragraph 116.

117.    Defendants deny the allegations contained in Paragraph 117 based on lack of knowledge, information, or belief.

118.    Defendants deny the allegations contained in Paragraph 118 based on lack of knowledge, information, or belief.

119.    Paragraph 119 does not contain any allegations against these Defendants to the extent a response is required, Defendants deny.

120.    Defendants deny the allegations contained in Paragraph 120.

121.    Defendants deny the allegations contained in Paragraph 121.

122.    Defendants deny the allegations contained in Paragraph 122.

123.    Defendants deny the allegations contained in Paragraph 123.

124.    Defendants deny the allegations contained in Paragraph 124.

125.    Defendants deny the allegations contained in Paragraph 125.

126.    Defendants deny the allegations contained in Paragraph 126 and all its subparts.

127.    Defendants deny the allegations contained in Paragraph 127.

128.    Defendants deny the allegations contained in Paragraph 128.

129.    Defendants deny the allegations contained in Paragraph 129.

130.    Defendants deny the allegations contained in Paragraph 130.

131.    Defendants deny the allegations contained in Paragraph 131.

**COUNT I – 42 U.S.C. § 1983**
**Eighth and Fourteenth Amendments Deliberate Indifference to Serious Medical/Mental**
**Health Need and Failure to Provide Medical/Mental Health Care and Treatment**
**(Against Defendants Duchesne County and Boren in his Individual and Official Capacities)**

132.    Defendants incorporate herein their responses to Paragraphs 1 through 132.

133.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

134.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

135.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

136.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

137.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

138.    Defendants deny the allegations contained in Paragraph 138.

139.    Defendants deny the allegations contained in Paragraph 139.

140.    Defendants deny the allegations contained in Paragraph 140.

141.    Defendants deny the allegations contained in Paragraph 141.

142.    Defendants deny the allegations contained in Paragraph 142.

143.    Defendants deny the allegations contained in Paragraph 143.

144.    Defendants deny the allegations contained in Paragraph 144 and all its subparts.

145.    Defendants deny the allegations contained in Paragraph 145 and all its subparts.

146.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

147.    Defendants deny the allegations contained in Paragraph 147.

**COUNT II – 42 U.S.C. § 1983**
**Eighth and Fourteenth Amendments Failure to Train/Inadequate Training**
**(Against Defendants Duchesne County and Boren in his individual and official capacities)**

148.    Defendants incorporate herein their responses to Paragraphs 1 through 148.

149.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

150.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

151.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

152.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

153.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

154.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

155.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

156.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

157.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

158.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

159.    Defendants deny the allegations contained in Paragraph 159.

160.    Defendants deny the allegations contained in Paragraph 160.

161.    Defendants deny the allegations contained in Paragraph 161.

162.    Defendants deny the allegations contained in Paragraph 162.

163.    Defendants deny the allegations contained in Paragraph 163.

**COUNT II – 42 U.S.C. § 1983**
**Eighth and Fourteenth Amendments Failure to Supervise, Direct and Control/**
**Inadequate Supervision, Direction, and Control**
**(Against Defendants Duchesne County and Boren in his individual and official capacities)**

164.    Defendants incorporate herein their responses to Paragraphs 1 through 164.

165.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

166.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

18

167.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

168.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

169.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

170.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

171.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

172.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

173.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

174.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

175.    Defendants deny the allegations contained in Paragraph 175.

176.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

177.    The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

178.     The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny.

179.     Defendants deny the allegations contained in Paragraph 179.

**Count IV– 42 U.S.C. § 12132**
**Title II of the Americans with Disabilities Act ("ADA")**
**Violations of the ADA (Against Defendants Duchesne County and Boren in his individual and official capacities)**

180.     Defendants incorporate herein their responses to Paragraphs 1 through 180.

181.     The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

182.     The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

183.     The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

184.     The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

185.     The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

186.     Defendants deny the allegations contained in Paragraph 186.

187.     Defendants deny the allegations contained in Paragraph 187 and all its subparts.

188.     The allegations in this Paragraph do not pertain to Defendants, to the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

189.    Defendants admit that they contract with Duchesne County Jail to provide medical services. Defendants deny any and all other allegations contained in Paragraph 189 not specifically admitted herein.

190.    Defendants object to the allegations contained in Paragraph 190 insofar as they call for a legal conclusion, to the extent Defendants must respond, Defendants deny.

191.    Defendants deny the allegations contained in Paragraph 191.

192.    Defendants object to the allegations contained in Paragraph 192 insofar as they call for a legal conclusion, to the extent Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

193.    Defendants deny the allegations contained in Paragraph 193 based on lack of information, knowledge, or belief.

194.    Defendants deny the allegations contained in Paragraph 194 based on lack of information, knowledge, or belief.

195.    Defendants deny the allegations contained in Paragraph 195 based on lack of information, knowledge, or belief.

196.    Defendants deny the allegations contained in Paragraph 196.

197.    Defendants' objection to the allegations contained in Paragraph 197 insofar as they call for a legal conclusion. To the extent that Defendants must respond, Defendants deny.

198.    Defendants deny the allegations contained in Paragraph 198.

### Count V – 42 U.S.C. § 1983
**Eighth and Fourteenth Amendments Deliberate Indifference to Serious Medical/Mental Need and Failure to Provide Medical/Mental Health Care and Treatment (Against Defendants Tubbs, LLC and Tubbs in his individual and official capacities)**

199.    Defendants herein incorporate their responses to Paragraphs 1 through 199.

200.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

201.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

202.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

203.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

204.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

205.    Defendants deny the allegations contained in Paragraph 205.

206.    Defendants deny the allegations contained in Paragraph 206.

207.    Defendants deny the allegations contained in Paragraph 207.

208.    Defendants deny the allegations contained in Paragraph 208.

209.    Defendants deny the allegations contained in Paragraph 209.

210.    Defendants deny the allegations contained in Paragraph 210.

211.    Defendants deny the allegations contained in Paragraph 211.

212.    Defendants deny the allegations contained in Paragraph 212.

213.    Defendants deny the allegations contained in Paragraph 213.

214.    Defendants deny the allegations contained in Paragraph 214.

**Count VI – 42 U.S.C. § 1983**
**Eighth and Fourteenth Amendments Failure to Train / Inadequate Training**
**(Against Defendants Tubbs, LLC and Tubbs in his individual and official capacities)**

215.    Defendants incorporate by this reference their responses to Paragraphs 1 through 215.

216.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

217.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

218.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

219.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

220.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

221.    Defendants deny the allegations contained in Paragraph 221.

222.    Defendants deny the allegations contained in Paragraph 222.

223.    Defendants deny the allegations contained in Paragraph 223.

224.    Defendants deny the allegations contained in Paragraph 224

225.    Defendants deny the allegations contained in Paragraph 225.

226.    Defendants deny the allegations contained in Paragraph 226.

227.    Defendants deny the allegations contained in Paragraph 227.

228.    Defendants deny the allegations contained in Paragraph 228.

229.    Defendants deny the allegations contained in Paragraph 229.

230.   Defendants deny the allegations contained in Paragraph 230.

**Count VII – 42 U.S.C. § 1983**
**Eighth and Fourteenth Amendments Failure to Supervise, Direct and Control / Inadequate Supervision, Direction and Control (Against Defendants Tubbs LLC and Tubbs in his individual and official capacities)**

231.   Defendants incorporate by this reference their responses to Paragraphs 1 through 231.

232.   Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

233.   Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

234.   Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

235.   Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

236.   Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

237.   Defendants deny the allegations contained in Paragraph 237.

238.   Defendants deny the allegations contained in Paragraph 238.

239.   Defendants deny the allegations contained in Paragraph 239.

240.   Defendants deny the allegations contained in Paragraph 240.

241.   Defendants deny the allegations contained in Paragraph 241.

242.   Defendants deny the allegations contained in Paragraph 242.

243.   Defendants deny the allegations contained in Paragraph 243.

244.    Defendants deny the allegations contained in Paragraph 244.

245.    Defendants deny the allegations contained in Paragraph 245.

246.    Defendants deny the allegations contained in Paragraph 246.

**Count VIII – 42 U.S.C. § 1983**
**Eighth and Fourteenth Amendments Deliberate Indifference to Serious Medical / Mental**
**Health Need and Failure to Provide Medical / Mental Health Care and Treatment**
**(Against Defendant Clyde in her individual capacity)**

247.    Defendants incorporate by this reference their responses to Paragraphs 1 through 247.

248.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

249.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

250.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

251.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

252.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

253.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

254.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

255.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

256.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

257.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

258.    Defendants deny the allegations contained in Paragraph 258.

259.    The allegations in this Paragraph do not pertain to these Defendants. To the extent these Defendants must respond, Defendants deny based on lack of knowledge, information, or belief.

260.    Defendants deny the allegations contained in Paragraph 260.

**Count IX – State Law Claim: Wrongful Death**
**(Against Defendants Duchesne County and Boren in his individual and official capacities)**

261.    Defendants incorporate by this reference their responses to Paragraphs 1 through 261.

262.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

263.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

264.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny.

265.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny.

266.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

**Count X – State Law Claim: Negligence**
**(Against Defendants Duchesne County and Boren in his individual and official capacities)**

267.    Defendants incorporate by this reference their responses to Paragraphs 1 through 267.

268.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny based on lack of knowledge, information, or belief.

269.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny.

27

270.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny.

271.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny.

272.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

**Count XI – State Law Claim: Breach of Duty to Third Party Beneficiary
Against Defendants Duchesne County and Boren in his individual and official capacities)**

273.    Defendants incorporate by this reference, their responses to Paragraphs 1 through 273.

274.    Defendants admit that in November 2016, they had a contract with Duchene County Jail to provide medical services. Defendants deny any and all other allegations contained in Paragraph 274.

275.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

276.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

277.    Defendants deny the allegations contained in Paragraph 277.

278.    Defendants deny the allegations contained in paragraph 278.

279.    Defendants deny the allegations contained in paragraph 279.

280.    Defendants deny the allegations contained in paragraph 280.

281.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

**Count XII – State Law Claim: Wrongful Death**
**(Against Defendants Tubbs, LLC and Tubbs in his individual and official capacities)**

282.    Defendants herein incorporate by this reference all responses asserted to Paragraphs 1 through 282.

283.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

284.    Defendants deny the allegations contained in Paragraph 284.

285.    Defendants deny the allegations contained in Paragraph 285.

286.    Defendants deny the allegations contained in Paragraph 286.

287.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

**Count XIII – State Law Claim: Negligence**
**(Against Defendants Tubbs, LLC and Tubbs in his individual and official capacities)**

288.    Defendants herein incorporate by this reference all responses asserted to Paragraphs 1 through 288.

289.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

290.    Defendants deny the allegations contained in Paragraph 290.

291.    Defendants deny the allegations contained in Paragraph 291.

292.    Defendants deny the allegations contained in Paragraph 292.

293.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny.

**Count XIV – State Law Claim: Negligence**
**(Against Defendant Clyde in his individual capacity)**

294.    Defendants herein incorporate by this reference all responses asserted to Paragraphs 1 through 294.

295.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion. To the extent a response is required, Defendants deny based on lack of knowledge, information or belief.

296.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny.

297.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny.

298.    The allegations in this Paragraph do not pertain to these Defendants. To the extent a response is required, Defendants deny.

299.    Defendants object to the extent that the allegations in this Paragraph call for a legal conclusion and do not pertain to these Defendants. To the extent a response is required, Defendants deny.

**Third Defense**

Defendants affirmatively plead that Plaintiffs may have failed to mitigate damages if any exist, and any potential recovery should therefore be barred or reduced.

**Fourth Defense**

Defendants affirmatively pleads that the Plaintiffs' claims may be barred by the express terms of the Governmental Immunity Act of Utah (including its Notice of Claim provisions), as codified in Utah Code Ann. § 63G-7-101 et seq. as well as by the immunity afforded them by the

United States Constitution, the Utah Constitution, state and/or federal common law, and Plaintiffs' claims and causes of action may be, therefore, subject to dismissal with prejudice in their entirety.

### Fifth Defense

Plaintiffs' own conduct, or the acts of others both supervening and intervening, illegal or otherwise, or Ms. Fillmore's own contributory negligence, and/or affirmative acts, directly caused or contributed to Plaintiffs' alleged injuries.  Defendants affirmatively plead that Plaintiffs' claims may be barred, in whole or in part, by Plaintiffs', and/or others', carelessness, recklessness, negligence, and/or false conclusions based upon inaccurate and improperly performed research and investigation.  The fault of Plaintiffs and other parties currently named, and others not named in this lawsuit, must be compared and allocated by the jury and any fault attributed to them or other parties must be set off against any judgment attributed to each Defendant.

### Sixth Defense

The Defendants' conduct was not the proximate case of Plaintiffs' injuries.

### Seventh Defense

Defendants affirmatively plead that the Plaintiffs' claims may be barred by the affirmative defenses of res judicata, waiver, estoppel, consent, lack of standing, assumption of risk, the last clear chance doctrine, and latches should discovery reveal these defenses to be applicable.

### Eighth Defense

Defendants affirmatively plead that Plaintiffs' claims against him may be barred by the doctrines of estoppel and unclean hands given Plaintiffs' own actions.

31

### Ninth Defense

Defendants affirmatively plead that any actions or inactions taken or failed to be taken by them and which Plaintiffs allege caused harm were reasonable, done in good faith without malice or intent to injure, and in the interest of safety to the public and Plaintiffs, or because of exigent or emergent circumstances.

### Tenth Defense

Defendants allege that Plaintiffs' alleged injuries and claimed damages were proximately caused or contributed to by the activities of third persons over whom Defendants had no duty, control or right to supervise including, but not limited to, jail personnel or other medical providers who provided care or should have provided care to Ms. Fillmore. As part of this affirmative defense, Defendants allege that discovery may reveal that these persons may have failed to appropriately or timely diagnose or treat Ms. Fillmore.  Defendants are therefore entitled to have the fault of all responsible parties, including but not limited to any other medical entity or provider against whom Plaintiffs have made any claim, compared by the trier of fact pursuant to Utah Code Ann. §§ 78B-5-817 through 78B-5-821 and any other applicable Utah law.  Defendants reserves his right to provide further factual and legal bases on which he may allocate fault to third parties and reserves the right to amend this affirmative defense as further information and evidence becomes available through investigation and discovery.

### Eleventh Defense

As a further affirmative defense, Defendants allege that Plaintiffs' claims and causes of action are subject to the applicable statute of limitations or setoffs as set forth in Utah Code Ann. § 78B-3-401, *et seq*. and/or other Utah law.

**Twelfth Defense**

As a further affirmative defense, Defendants allege that Plaintiffs' claims and causes of action are subject to and limited by Utah Code Ann. §§ 78B-3-404 and 78B-2-304.

**Thirteenth Defense**

As a further affirmative defense, Defendants allege that Plaintiffs' claims and causes of action are subject to and limited by Utah Code Ann. § 78B-3-405.

**Fourteenth Defense**

As a further affirmative defense, Defendants allege that Plaintiffs' claims and causes of action are subject to and limited by Utah Code Ann. § 78B-3-406.

**Fifteenth Defense**

As a further affirmative defense, Defendants allege that Plaintiffs' claims and causes of action are subject to and limited by Utah Code Ann. § 78B-3-410.

**Sixteenth Defense**

As a further affirmative defense, Defendants allege that Plaintiffs' claims and causes of action are subject to and limited by Utah Code Ann. § 78B-3-414.

**Seventeenth Defense**

As a further affirmative defense, Defendants allege that Plaintiffs' claims and causes of action are subject to and limited by Utah Code Ann. § 78B-3-424.

**Eighteenth Defense**

As a further affirmative defense, Defendants allege that Plaintiffs' claims and causes of action are subject to and limited by Utah Code Ann. § 78B-3-425.

### Nineteenth Defense

As a further affirmative defense, Defendants allege that Plaintiffs' claims fail for failure to exhaust administrative remedies.

### Twentieth Defense

In recognition of Rule 11 of the Utah Rules of Civil Procedure, Defendants reserve the right to amend this Answer to Plaintiffs' Amended Complaint and include any defense of which Defendants become aware during discovery, to eliminate any affirmative defense which this Answer contains, to conform to any further amendments to Plaintiffs' Amended Complaint, or to amend this Answer in accordance with any ruling on any pleading or motion filed regarding the claims and causes of action.

### Twenty-First Defense

Defendants are not liable for any amount in excess of the proportion of fault attributable to them as provided by Utah Code Ann. §§ 78B-5-818 and 819, as amended.

### Twenty-Second Defense

Defendants fully and completely complied with any and all applicable standards of care in this matter and his action(s) or inaction(s) were at all times reasonable under the circumstances, undertaken in good faith with due diligence and reasonable promptness, and consistent with valid penological and compelling governmental interests.

### Twenty-Third Defense

Ms. Fillmore was fully informed and consented to the medical care she received or refused medical care when it was offered.

**Twenty-Fourth Defense**

Defendants are entitled to all affirmative defenses available pursuant to Utah Code Ann.

§§ 78B-3-106 et seq. and related case law.

**Twenty-Fifth Defense**

Plaintiffs cannot support their claim for punitive damages against Defendants by clear

and convincing evidence as required by Utah Code Ann. § 78B-8-201 et seq.

**Twenty-Sixth Defense**

Plaintiffs' claims for punitive damages is subject to all limitations provided by Utah case

law and statutory law; including but not limited to Utah Code Ann. §78B-8-201 et seq.

**Twenty-Seventh Defense**

Plaintiffs' claims for punitive damages may be barred by the applicable sections of the

United States Constitution, including but not limited to the due process clause of the Fifth

Amendment, the right against self incrimination provided by the Fifth Amendment, the excessive

fines clause of the Eighth Amendment, the equal protection clause of the Fourteenth

Amendment, and the Sixth Amendment.

**Twenty-Eighth Defense**

Plaintiffs' claim for punitive damages may be barred by the following sections of the

Constitution of the State of Utah:  Article I, Section 7; Article I, Section 12; Article I, Section 9;

and Article I, Section 10.

**Twenty-Ninth Defense**

Plaintiffs have not plead facts sufficient to support a claim for punitive damages against

Defendants.  Defendants further states that any claim for punitive damages against them is

without merit or factual basis, inflammatory, and not brought in good faith and therefore

Defendants request this court strike the same from the pleadings and Defendants, hereby, assert their right to seek attorney fees pursuant to Utah Code Ann. § 78B-5-825.

## Thirtieth Defense

Defendants may have additional defenses which are unknown at this time, but which may become known through discovery.  Defendants, hereby, reserve their right to amend this Answer to assert additional defenses or counterclaim(s) as they may become known.

## NOTICE OF INTENT TO APPORTION FAULT

Pursuant to Utah Code Ann. §§ 78B-5-817, et seq., Defendants hereby provide notice of their intent to seek an apportionment of fault to all co-defendants and/or nonparties for Plaintiffs' injuries alleged in this matter on a special verdict. Defendants reserve the right to provide further notice of their intent to apportion fault, including to other persons and entities, as discovery progresses. The grounds for this Notice of Intent with respect to the co-defendants and/or nonparties are as alleged by and in Plaintiffs' Amended Complaint, if proven.

## JURY DEMAND

Defendants hereby demand a jury demand and submits the appropriate fee.

WHEREFORE, having fully answered Plaintiffs' Amended Complaint, Defendants pray that Plaintiffs' Amended Complaint be dismissed with prejudice for a failure to state a claim upon which relief can be granted; that Plaintiff take nothing by way of her Amended Complaint; that because of Plaintiffs' comparative negligence, Plaintiffs' entire claim be disallowed or that any award to her be reduced in accordance with the proportionate comparative negligence; that Plaintiff reimburse Defendants for their costs in defending this action; and for such other and further relief as this Court deems just and proper as set forth herein.

DATED this 11th day of February, 2019.

RICHARDS  BRANDT  MILLER  NELSON

/s/ Cortney Kochevar
GEORGE T. NAEGLE
CORTNEY KOCHEVAR
**Attorneys for Defendants**
**Kennon C. Tubbs, MD and**
**Kennon C. Tubbs, MD, LLC**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of February, 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Tyler B. Ayres                                       ☐   U.S. Mail – Postage Prepaid
AYRES LAW FIRM                                       ☐   Hand Delivery
12339 South 800 East, Suite 101                     ☑   Electronic Filing
Draper, Utah 84020                                   ☐   Email
tyler@ayreslawfirm.com

Daniel M. Baczynski
Baczynski Law, PLLC
12339 S. 800 East, Suite 101
Draper, Utah 84020
dan@bskilaw.com
dbaczyn2@gmail.com
**Attorneys for Plaintiff**

/s/ Cortney Kochevar

G:\EDSI\DOCS\09828\1418\18L2021.DOC

38